# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **GRACE HWANG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-4185-EFM** |
| | ) | |
| **KANSAS STATE UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on:

    1. defendant's motions to stay discovery (Doc. 14 & 28);

    2. defendant's motion to strike response (Doc. 33); and

    3. plaintiff's motion for leave to file out of time (Doc. 35).

All of these motions relate to defendant's request that discovery be stayed pending a ruling on Kansas State University's (K-State's) motion to dismiss based on sovereign immunity and failure to state a claim. For the reasons set forth below, discovery will be stayed pending further order of the court.

## Background

This is an action under the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. Plaintiff, a non-tenured professor at K-State, was diagnosed with leukemia in June 2009. She

underwent an aggressive course of chemotherapy and received a bone marrow transplant which prevented her from returning to work in the fall of 2009.  Although she originally intended to return to work for the spring 2010 school semester, her doctor ordered her to "take additional time away from the campus" because of an outbreak of the H1N1virus at the university.  Plaintiff was told by "the business manager for her department" that she had one year of donated or "shared" leave available to cover her leave for the spring 2010 semester.

In December 2009, K-State's Human Resources Department (HR) advised plaintiff to apply for long term disability benefits and plaintiff submitted an application for the benefits.  On February 10, 2010, plaintiff received a call from HR informing her that she would begin receiving long term disability benefits beginning February 17 and that her monthly health insurance premium would be $1,340.  HR also advised plaintiff that because she accepted long term disability benefits, she would be forced to resign.  Plaintiff did not want to resign and immediately contacted various members of the university to tell them she did not want to resign and would return to work by the summer semester.

K-State advised plaintiff that she had two options:  1) resign and accept long term disability benefits which included health insurance coverage or 2) take leave without pay, lose her health insurance, and be terminated in June at the end of her yearly contract.[1] Believing the university had given her no other viable option, plaintiff agreed to accept the long term disability benefits and resigned.

---

[1]  Plaintiff was employed by K-State on one-year contracts.

In March 2010, June 2011, and October 2011 plaintiff applied for various positions at K-State.  Plaintiff was not considered for the positions.  Plaintiff alleges that K-State failed to accommodate her disability in the spring of 2010 in violation of the Rehabilitation Act. Plaintiff also alleges that K-State engaged in discrimination and retaliation in violation of the Rehabilitation Act.

### Motions to Stay Discovery (Doc. 14 & 28)

### Motion to Strike (Doc. 33) and

### Motion to File Out of Time (Doc. 35)

K-State moved to dismiss plaintiff's original complaint, arguing that plaintiff failed to state a claim and that the university was entitled to sovereign immunity.  (Doc. 7).  K-State also moved to stay "all Rule 26-related activities" based on its assertion of sovereign immunity under the Eleventh Amendment.  (Doc. 14).  Although plaintiff requested and was granted an extension of time to respond to the motion to stay, she did not file a timely response to K-State's first motion to stay discovery.  Instead, plaintiff filed an amended complaint (Doc. 21) and later argued that the pending motion to stay discovery was moot. (Doc. 27).  K-State did not respond to plaintiff's untimely argument concerning mootness but simply filed a second motion to stay discovery.  (Doc. 28).[2]  Under the circumstances, defendant's first motion to stay discovery **(Doc. 14)** shall be deemed **MOOT.**

---

[2]

K-State filed a second motion to dismiss, again asserting immunity under the Eleventh Amendment and failure to state a claim upon which relief may be granted.

Plaintiff filed an untimely response opposing defendant's second motion to stay discovery. (Doc. 27). Arguing that the plaintiff's response was filed eight days late, K-State moves to strike the response and asks that its motion to stay be granted as unopposed pursuant to D. Kan. Rule 7.4(b). (Doc. 33). Plaintiff counters with a motion for leave to file out-of-time, arguing excusable neglect based on a calendaring error and a newly hired staff member. The court is satisfied that the untimely filing was the result of excusable neglect; therefore, plaintiff's motion for leave to file her response out of time **(Doc. 35)** is **GRANTED** and defendant's motion to strike **(Doc. 33)** is **DENIED.**

### Analysis of Second Motion to Stay

When immunity is asserted as a defense, a stay is appropriate pending a ruling on the immunity issue. <u>See</u>, <u>e.g.</u>, <u>Siegert v. Gilley</u>, 500 U.S. 226, 232 (1991)(until the threshold question of immunity is resolved, discovery and other pretrial proceedings should not be allowed); <u>Workman v. Jordan</u>, 958 F.2d 332, 336 (10th Cir. 1992)(when a defendant asserts qualified immunity, the court should grant the defendant's request for a stay of discovery until the immunity issue is resolved). Plaintiff counters that a stay is not appropriate because K-State has waived its sovereign immunity under the Eleventh Amendment by accepting federal funds. The substantive arguments concerning the validity of K-State's immunity defense are the subject of K-State's pending motion to dismiss and the parties' legal

arguments will be addressed by Judge Melgren when he rules on the motion to dismiss.[3]

Plaintiff also argues that sovereign immunity and qualified immunity are separate and distinct defenses and that at least two magistrate judges in this district have opined that discovery may proceed notwithstanding the assertion of sovereign immunity defenses. McCoy v. United States, Case No. 07-2097-CM, 2007 WL 2071770 at *4(D. Kan. July 16, 2007)(citing Case. No. 06-2071, Afshar v. U.S. Department of State, 2006 U.S. Dist. Lexis 52435 at *2, D. Kan. July 18, 2006).[4]  However, in the context of staying discovery, the Tenth Circuit has held that there is "no logical reason" to differentiate between sovereign immunity and qualified immunity where the defense is "primarily one of law." Liverman v. Committee on the Judiciary, U.S. House of Representatives, 51 Fed. Appx. 825, 2002 WL 31379892 (10th Cir., Oct. 23, 2002)(unpublished).  Because the Eleventh Amendment immunity defense in this case is "primarily one of law," the court will follow Liverman and

---

[3]

    The stay in this case is granted **only** because of defendant's claim of sovereign immunity.  Plaintiff argues that well-established case law holds that the university has waived immunity to claims under the Rehabilitation Act, an argument that defendant does not address.  Defense counsel is admonished to review Fed. R Civ. P. 26(g) and the possibility of sanctions if the court determines that the objection to proceeding with discovery based on sovereign immunity was asserted to cause unnecessary delay.

[4]

    In McCoy, Judge Sebelius initially denied the government's motion to stay (July 2, 2007) but, on reconsideration, granted the motion and stayed discovery pending a ruling on the motion to dismiss (July 16, 2007).  McCoy provides questionable support for plaintiff's argument.

    In Afshar, Judge Rushfelt denied the government's motion to stay discovery on July 18, 2006 and the government appealed his ruling to the district judge.  Judge Murguia granted the government's motion to dismiss on July 31, 2006 and the appeal was moot.  Contrary to plaintiff's suggestions, there is not a well-established practice in this district of proceeding with discovery before the issue of sovereign immunity is resolved.

stay discovery pending a ruling on K-State's sovereign immunity defense.

**IT IS THEREFORE ORDERED** that defendant's second motion to stay discovery (**Doc. 28**) is **GRANTED** pending further order of the court.  Defendant's first motion to stay (**Doc. 14**) is **MOOT** and motion to strike (**Doc. 33**) is **DENIED.**  Plaintiff's motion for leave to file out of time (**Doc. 35**) is **GRANTED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of August 2012.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge